■ In the Matter of LUCILLE M. GROSS, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered March 27, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for an order directing respondent to pay petitioner death benefits due under section 512 of the Education Law by virtue of the death

of her husband, a teacher. Petitioner's husband, a tenured teacher in the City School District of Peekskill and a member of the New York State Teachers' Retirement System, was discharged from his position on June 30, 1973 as the result of the elimination of his position. He commenced an article 78 proceeding seeking reinstatement and back pay. Thereafter, Mr. Gross accepted employment by the New York City Board of Education, and while so employed, he died on January 2, 1974. Petitioner applied to respondent for death benefits and was advised that she was entitled to her husband's accumulated contributions but not to the statutory death benefit by reason of his employment with the New York City Board of Education after he ceased to be on the payroll of the City School District of Peekskill. On March 20, 1974, the article 78 proceeding seeking reinstatement was withdrawn pursuant to a "stipulation" entered into between decedent's attorney and the attorney for the Peekskill School Board providing that decedent was reinstated as of September, 1973; that back salary was waived as being offset by money earned by Mr. Gross between September, 1973 and the date of his death; and the decedent's estate was entitled to all retirement benefits accruing as a result of his employment as a part-time teacher in the Peekskill City School District. Special Term dismissed the instant petition, holding that the "stipulation" had no legal effect. Petitioner contends, *inter alia,* that the decedent was "in service" at the time of his death within the meaning of subdivision 2 of section 512-b of the Education Law. The statutory death benefit is payable only if the decedent was in service when he died, or had been on the payroll in such service and paid within 12 months prior to his death and had not been otherwise gainfully employed since he ceased to be on such payroll. If the decedent was wrongfully terminated, he was entitled to reinstatement *nunc pro tunc (Matter of Lezette v Board of Educ. Hudson City School Dist.,* 35 NY2d 272, 283), and would thus be "in service" as of his death within the meaning of subdivision 2 of section 512-b. (See, also, *Matter of Everitt v Teachers' Retirement Bd.,* 135 Misc 916, affd 229 App Div 857.) It is clear that decedent, by the institution of an article 78 proceeding, attempted to obtain a determination that he was entitled to reinstatement as a result of a wrongful discharge. That proceeding was rendered academic by his death and the subsequent stipulation, wherefore the issue decedent sought to litigate remains unresolved. While the stipulation speaks of a reinstatement, it is not clear whether decedent was actually restored to his former position in recognition of a wrongful discharge, or was offered a different (and perhaps lesser) position which had become available but which he did not hold at the time of his death. This proceeding should therefore be remanded to Special Term for a determination of whether decedent was "in service" at the time of his death. On remand compulsory joinder of the City School District of the City of Peekskill will be required to secure a complete resolution of this controversy (CPLR 1001; see *Matter of Skliar v Board of Educ., Union Free School Dist. No. 23, Town of Hempstead,* 45 AD2d 1012). Judgment reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur. [81 Misc 2d 964.]