■ LAWRENCE CARP, Appellant, v SHARON MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, et al., Respondents.—Main, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered August 27, 1984 in Tompkins County, which denied plaintiff's motion for a default judgment.

The action underlying the instant appeal was commenced against Patricia Ann and Stanley T. Marcus on May 5, 1982. On June 24, 1983, Special Term granted, in part, plaintiff's motion for permission to amend his complaint. On June 28, 1983, at which time plaintiff had not yet served the amended complaint, Patricia Ann Marcus died. On July 7, 1983, Sharon Marcus, daughter of Patricia Ann Marcus, became the administratrix of her mother's estate. On July 14, 1983, plaintiff served a verified amended complaint on the attorneys for Patricia Ann and Stanley T. Marcus who, in turn, served an answer to the amended complaint, allegedly with the knowledge and consent of Sharon Marcus. When this answer was rejected by plaintiff because it was not verified, the same attorney served plaintiff with a verified answer. Plaintiff then moved for a default judgment on the ground that the verified answer had not been timely served. Special Term, *inter alia,* denied the motion and ordered plaintiff to accept the verified answer. On October 26, 1983, on plaintiff's motion, Special Term substituted Sharon Marcus, as administratrix of her mother's estate, in place of her mother as a defendant. Plaintiff thereafter served upon Sharon Marcus a copy of the order of substitution along with the amended complaint. Allegedly because she believed that the order of substitution had been made nunc pro tunc as of her appointment as administratrix of her mother's estate, and that she did not have to serve an answer separate and apart from the one already served, Sharon Marcus did not answer the amended complaint. Plain-

tiff then moved for a default judgment, which was ultimately denied by Special Term. This appeal by plaintiff ensued.

Plaintiff contends that he should have been awarded a default judgment against Sharon Marcus in her representative capacity since the only answer served upon him was served after the death of Patricia Ann Marcus but before the formal substitution into the action of Sharon Marcus, who did not, after the substitution, serve a separate answer. We disagree. Although she had not then been formally substituted into the action, Sharon Marcus had become administratrix of her mother's estate *prior to* the service of both the amended complaint and the responsive answer thereto. Such being the case, there is involved here no more than a mere irregularity subject to correction pursuant to CPLR 2001 *(see, Rosenberg v Caban,* 16 NY2d 905). We have examined plaintiff's remaining arguments and find them to be without merit.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.