■ 61 EAST 72ND STREET CORPORATION, Appellant, v BRUCE ZIMBERG et al., Respondents.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered November 2, 1989, dismissing so much of this holdover proceeding as sought recovery of the premises, while reserving for hearing the entitlement of either party to attorneys' fees, unanimously affirmed, without costs.

Respondents established a history of delinquency in the payment of maintenance charges on their luxury cooperative apartment, the arrears exceeding $20,000 upon the commencement of this proceeding. Simultaneous with said commencement, respondents effected a cure with the tender of a cashier's check for all arrears, plus a guarantee of future payments. Petitioner pressed on with this proceeding nevertheless, asserting a conditional limitation in the lease, the breach of which was noncurable by reason of the virtually continuous nature of the default. In the case of a residential tenancy, such a contractual provision would be against public policy if it denied the right to cure, to say nothing of the statutory entitlement to such remedy under RPAPL 753 (4). Furthermore, notwithstanding a record which reveals virtually continuous delinquency over a four-year period in the payment of maintenance charges, petitioner adopted a legal strategy of proceeding with termination of the lease based upon a single instance of default under the lease. Even two prior letters of default addressed to respondents in the seven months prior to commencement of this proceeding were also addressed to isolated incidents of default, one of which subsequently was at least partially cured. Petitioner's acceptance of delinquent payments throughout the history of this relationship, together with its strategy seeking to dispossess on the basis of identifi-

cation of an isolated instance of default, effectively waived the right to proceed on the basis of continuous default, notwithstanding the nonwaiver clause in the lease *(see, TSS-Seedman's, Inc. v Elota Realty Co.,* 72 NY2d 1024). The question of attorneys' fees was properly reserved for a hearing. Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.