JOHN C. RYFUN, Appellant, et al., Plaintiff, v 406 WEST 46TH STREET CORP. et al., Respondents. [746 NYS2d 21]

This matter allegedly arose as a result of a long-running dispute over unpaid maintenance fees and neglected repairs, and of plaintiff John Ryfun's purported transfer in 1993 of the proprietary lease and the cooperative shares for apartment 2C at 406 West 46th Street to his sister, plaintiff/occupant Dorothee Ryfun Senich, who subsequently lost the lease and the stock certificate. As part of a 1996 stipulation settling an action she brought in Civil Court seeking a maintenance reduction for lack of repairs, she and the cooperative agreed that a new stock certificate would issue upon delivery of an indemnity agreement for the lost certificate; however, the indemnity was never delivered.

In 1999, the cooperative was still in possession of the ownership documents and, in response to the aforementioned dispute with the Ryfuns over maintenance fees and repairs, the cooperative's board of directors, at a special meeting, amended the cooperative's proprietary leases to create a new security interest in the cooperative shares in the event of unpaid maintenance fees. The lease amendment permitted, among other things, the termination of the lease and the cancellation of shares in the shareholder's name and their reissuance to a transferee. Upon notice to John Ryfun by registered mail dated January 20, 1999, to which he did not respond, the cooperative purported to exercise its security interest by terminating plaintiffs' lease and canceling their shares and reissuing them to itself, then commenced a holdover proceeding against plaintiff Dorothee Ryfun Senich.

While we find that the cooperative's board of directors acted

in accordance with its bylaws in holding the special meeting and amending the proprietary lease, we also find that they improperly exercised the security interest. The retention of the collateral for the Ryfun apartment not only failed to comport with, inter alia, the notice, accounting and foreclosure sale requirements of former UCC 9-504 (2) and (3) (current version at UCC 9-610—9-616 [2001]), the statutory provisions then governing disposition of collateral after default, but it also took undue advantage of the happenstance that, at the time, the cooperative was in physical possession of the Ryfun stock certificate. The latter circumstance was strictly the result of the pending reissuance of a new stock certificate; the shares were not being held as security for a debt. Thus, the cooperative was not in the position of a former UCC 9-505 (2) "secured party in possession" (current version at UCC 9-620 [2001]). Moreover, the cooperative's conduct also failed to comport with plaintiffs' rights under various provisions of the Real Property Law and the Real Property Actions and Proceedings Law (see, e.g., Real Property Law § 235-b; RPAPL 751, 753; *61 E. 72nd St. Corp. v Zimberg*, 161 AD2d 542). Concur—Williams, P.J., Buckley, Sullivan and Ellerin, JJ.