■ 542 HOLDING CORP., Appellant-Respondent, v PRINCE FASHIONS, INC., et al., Respondents-Appellants, et al., Defendants. (Action No. 1.) PRINCE FASHIONS, INC., Respondent-Appellant, v 542 HOLDING CORP., Appellant-Respondent. (Action No. 2.) [848 NYS2d 37]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 8, 2006, which, to the extent appealed and cross-appealed from in Action No. 2, granted the motion of defendant Prince to dismiss plaintiff 542's first and part of the third causes of action, denied the portions of 542's cross motion as sought a determination that the notice to cure and the notice of cancellation were legally sufficient and valid, and that the lease had expired pursuant to the notice of cancellation if Prince owed any rent to 542, denied so much of Prince's motion to dismiss the second, fourth, fifth and the balance of the third causes of action and all back rent claims accruing more than six years prior to the commencement of the ejectment action, and granted so much of 542's cross motion as sought a declaration that such claims accruing after 1996 were timely and a determination that the lease had terminated pursuant to paragraph 17 (2) if Prince was found to have owed any rent as of the date of commencement of this action, unanimously modified, on the law, Prince's motion granted to the extent of dismissing all back rent claims accruing prior to April 1999, 542's cross motion denied to the extent it sought a declaration that said back rent claims accruing prior to April 1999 were timely, and otherwise affirmed, without costs.

Order, same court and Justice, entered August 9, 2006, which, to the extent appealed and cross-appealed from in Action No. 1, denied so much of defendant landlord 542's motion for partial summary judgment as sought a determination that the notice to cure and the notice of cancellation were legally sufficient and valid, and that the lease had expired pursuant to the notice of cancellation if plaintiff tenant Prince owed any rent to 542, granted so much of that motion as sought a determination that the rent claims set forth in the notice to cure for the years 1996 and thereafter were not time-barred, and that the lease terminated no later than the commencement of 542's ejectment action if Prince owed any rent as of April 2005, and granted Prince's cross motion for partial summary judgment declaring the notice to cure and notice of cancellation defective, unanimously modified, on the law, 542's motion denied with respect to those claims for back rent accruing prior to April 1999 (i.e., more than six years prior to commencement of the ejectment action), and otherwise affirmed, without costs.

"The purpose of a notice to cure is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time" (*Filmtrucks, Inc. v Express Indus. & Term. Corp.*, 127 AD2d 509, 510 [1987]). If such defaults include unpaid rent, a "proper demand for rent must fairly afford the tenant, at least, actual notice of the alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period." (*Schwartz v Weiss-Newell*, 87 Misc 2d 558, 561 [1976].)

Here, where the notice to cure claimed defaults and sought additional rent without specifying when these sums became due or when the lease-mandated annual accountings were allegedly delivered to Prince, and, with regard to additional rent for the years 2001 and 2002, was served prior to the running of the lease-mandated 30-day period subsequent to delivery of an annual accounting, the motion court correctly determined that it was defective due to its "fail[ure] to delineate between the base rent and additional rent and/or to specify with particularity when the rent became due." Such substantive defect in a notice to cure renders the entire notice deficient (*see 200 W. 58th St. LLC v Little Egypt Corp.*, 7 Misc 3d 1017[A], 2005 NY Slip Op 50640[U] [2005]).

The temporary restraining order only prohibited 542 from dispossessing Prince; it did not bar an action to collect back rent. Thus, those claims for back rent specified in the notice to cure as accruing more than six years prior to the commencement of this ejectment action are time-barred.

The notice of cancellation was ineffective because it was prematurely served. However, paragraph 17 (2) of the lease allowed 542 to eject Prince without notice upon breach of its obligation to pay rent (*see East 82 v O'Gormley*, 295 AD2d 173 [2002]; *Queen Art Publs., Inc. v Animazing Gallery, Inc.*, 2002 NY Slip Op 40033[U], *7-8 [2002]). Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.