■ WESTHAMPTON CABINS & CABANAS OWNERS CORP., Appellant, v WESTHAMPTON BATH & TENNIS CLUB OWNERS CORP., Respondent. (And a Third-Party Action.) [882 NYS2d 124]—

In a consolidated hybrid action, inter alia, for a judgment declaring that an amendment to a certain ground lease is null and void and holdover proceeding to recover possession of certain real property, Westhampton Cabins & Cabanas Owners Corp. appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 29, 2007, which denied its motion for summary judgment dismissing the cause of action to recover real property.

Ordered that the order is affirmed, with costs.

A notice to cure that forms the basis for a petition initiating a holdover proceeding must set forth sufficient facts to establish grounds for the tenant's eviction, and inform the tenant as to how the tenant violated the lease, as well as the conduct required to prevent eviction (*see Domen Holding Co. v Aranovich*, 1 NY3d 117 [2003]; *Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786, 788 [1980]; *ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC*, 29 AD3d 564 [2006]; *Matter of Ranalli v Burns*, 157 AD2d 936 [1990]). A notice to cure is insufficient where it fails to apprise the tenant of the condition that the landlord wishes to have cured or fails to reference the specific section of the lease that addresses the condition (*see Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786, 788 [1980]). Here, the notice to cure served upon the appellant was sufficient in that it made specific reference to the termination clause in the underlying lease, apprised the appellant that it owed the landlord certain sums of money, specified the amount due for fixed and additional assessments of rent as of a certain date, and provided the date by which the amount of unpaid rent was due in order to avoid default under the lease (*see Domen Holding Co. v Aranovich*, 1 NY3d 117 [2003]; *Matter of One Main v Le K Rest. Corp.*, 1 AD3d 365 [2003]; *Schwartz v Weiss-Newell*, 87 Misc 2d 558, 561 [1976]; *cf. Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786, 788 [1980]; *Filmtrucks, Inc. v Express Indus. & Term. Corp.*, 127 AD2d 509 [1987]; *200 W. 58th St. LLC v Little Egypt Corp.*, 7 Misc 3d 1017[A], 2005 NY Slip Op 50640[U] [2005]).

The appellant failed to establish its prima facie entitlement to judgment as a matter of law with respect to the cause of action to recover real property since it failed to demonstrate the existence of any deficiencies in the notice to cure (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *cf. ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC*, 29 AD3d 564 [2006]). Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing that cause of action regardless of the sufficiency of the opposition papers.

The appellant's remaining contention is without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.