133 Plus 24 Sanford Avenue Realty Corp., Respondent,
against
Xiu Lan Ni, Doing Business as Rong Cheng Laundromat, Inc., and Xiu Lan Ni Individually, Appellant, et al., Undertenants.




Law Offices of Rina Milos (Rina Milos, Esq.), for appellant.
Sweeney, Reich & Bolz, LLP (Rashel M. Mehlman, Esq.), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered February 11, 2016. The final judgment, after a nonjury trial, awarded possession to landlord in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
In this commercial holdover proceeding, landlord terminated tenant's lease based on a notice of default and a notice of termination alleging that tenant owed landlord $50,940.68 in additional rent for sewer use and water consumption. Tenant interposed affirmative defenses alleging, among other things, that "[t]he amount of rent demanded in the Petition is incorrect. All rent and additional rent have been paid to the present month," and that the notice of termination is defective for failure to allege facts sufficient to establish grounds to terminate the tenancy. After a nonjury trial, the Civil Court, finding that landlord's proof established that tenant actually owed $5,437.89 in additional rent, awarded landlord possession.
When the basis for a landlord's termination of a commercial lease is an alleged default in [*2]rent, the predicate notices must properly set forth the approximate good faith amount of rent owed (see 542 Holding Corp. v Prince Fashions, Inc., 46 AD3d 309 [2007]). Here, the trial court, in effect, found that landlord had overstated the amount of additional rent owed by $45,502.79, approximately nine times the actual amount due. Thus, the notices were defective and did not operate to terminate the lease. Since landlord failed to establish a proper termination of the lease, it failed to make out its prima facie case (see 2268 Church Ave., LLC v Clarke, 48 Misc 3d 127[A], 2015 NY Slip Op 50915[U] [App Term, 2nd Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
SOLOMON, J.P., and PESCE, J., concur.
ELLIOT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017