Bray Realty, LLC, Appellant, 
against
Englantina Pilaj, Respondent, et al., Undertenants.




Tenenbaum, Berger & Shivers, LLP (David M. Berger of counsel), for appellant.
Englantina Pilaj, respondent pro se (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Kevin C. McClanahan, J.), entered April 21, 2016. The final judgment, entered pursuant to a decision of that court dated October 28, 2013, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 28, 2013 is deemed a premature notice of appeal from the final judgment entered April 16, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding based on a claim that tenant had violated her lease by harboring a pet without landlord's permission, the notice to cure and notice of termination allege that tenant's default was pursuant to an "original leasehold agreement, dated November 19, 2012[.]" In an amended answer, tenant asserted as a defense that the notice to cure "misstates the original commencement date of the lease term." In papers that had been submitted by landlord in opposition to a prior motion by tenant to amend the answer, landlord conceded that it had "misstated the commencement date of the original lease," and annexed a lease dated September 15, 1997. Following a nonjury trial, the Civil Court dismissed the petition, finding that the predicate notices were defective.
Landlord is bound by the notices served (see Singh v Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U] [App Term, 2d Dept, 2d and 11th Jud Dists 2008]), which are not subject to amendment (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]). Under Chinatown Apts., a default notice must cite to the specific prohibition in the lease which was allegedly violated. Here, as landlord did not demonstrate the existence of an "original leasehold agreement, dated November 19, 2012," the predicate notices are defective and cannot support [*2]this proceeding (see 542 Holding Corp. v Prince Fashions, Inc., 46 AD3d 309 [2007]).
Accordingly, the final judgment is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018