River Park Residences, L.P. v Camacho (2025 NY Slip Op 50263(U))

[*1]

River Park Residences, L.P. v Camacho

2025 NY Slip Op 50263(U)

Decided on March 2, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2025
Civil Court of the City of New York, Bronx County

River Park Residences, L.P., Petitioner

against
Alexandra Calo Camacho, Isabel Silverio, Eddie Silverio Jr., Respondents.

L&T Index No. 308702-24/BX

Attorney for Petitioner:
Alexander Horowitz Yetwin, Esq.
909 3rd Avenue, Fl 21, New York, NY 10022-4754
Tel # (646) 618-8721
Email: Alex@yetwinlaw.com
Attorney for Respondent:
Blake William Trettien, Esq.
Urban Justice Center
40 Rector Street, Fl 9, New York, NY 10002
Tel # (646) 667-8626
Email: BTrettien@urbanjustice.org

Diane E. Lutwak, J.

Recitation, as required by CPLR R 2219(A), of the papers considered in the review of Respondent Camacho's motion to dismiss or for leave to file an amended answer:
Papers                
NYSCEF DOC #
Notice of Motion 11
Attorney's Affirmation in Support 12
Exhibits A-G in Support 13-19
Attorney's Affirmation in Opposition 21
Exhibits A-B in Opposition 22-23
Attorney's Affirmation in Reply 24
Exhibits A-B in Reply 25-26
PROCEDURAL HISTORY
This nonpayment proceeding was commenced by notice of petition and petition filed March 6, 2024 alleging a monthly rent of $1954 and seeking rent arrears of $20,587, comprised [*2]of a balance of $1233 for October 2021, $1861/month for November and December 2021 and $1954/month for April 2023 through November 2023. The predicate rent demand, annexed to the petition, seeks the same arrears, and refers to an attached rent ledger. The rent ledger reflects petitioner's receipt on February 7, 2023 of "ERAP" (COVID-19 Emergency Rent Assistance Program) funds of $27,915, and an attached ERAP notice dated February 6, 2023 explains that the ERAP funds were comprised of a monthly rent of $1861 for the 15-month period of January 2022 through March 2023.
Respondent Alexandra Calo Camacho pro se filed an answer to the petition on March 15, 2024 raising a defense of conditions needing repair and noting that she was applying for a "One Shot Deal" (rent arrears assistance from the City's Department of Social Services/Human Resources Administration). The case was calendared in an Intake Part for June 6, 2024, then transferred to Resolution Part C and adjourned to July 23, 2024. Respondent retained counsel who filed a Notice of Appearance on July 22, 2024.
Now before the court is respondent's motion by counsel to dismiss under CPLR R 3211 or for leave to file an amended answer under CPLR § 3025(b). Respondent raises three grounds for dismissal: lack of personal jurisdiction due to defective service of the notice of petition and petition; failure to state a cause of action due to a defective rent demand, in that it seeks to collect a rent increase for the twelve months after petitioner's receipt of ERAP funds, in violation of the ERAP statute; and lack of a proper certificate of occupancy for the building as required by Multiple Dwelling Law Sections 301 and 302.
In opposition, petitioner argues that respondent's personal jurisdiction was waived, is not properly supported and, if the court finds otherwise, it cannot be decided without a hearing; that the rent demand is sufficient, and respondent now owes $48,985; and the building does have a certificate of occupancy, a copy of which is provided with petitioner's opposition papers.
On reply, respondent argues that she did not waive traverse and did not simply raise a conclusory denial of service and agrees that a hearing would be appropriate; petitioner did not refute the fatal defects in the rent demand and this proceeding should be dismissed for the same reasons this court dismissed a prior proceeding petitioner brought against a different tenant in River Park Residences, LP v Boyd (2024 NY Slip Op 32680[U][Civ Ct Bx Co 2024]); and the proffered certificate of occupancy fails to comply with New York City regulations.
DISCUSSION
On a motion to dismiss under CPLR R 3211(a)(7) for failure to state a cause of action, the court is required to afford a liberal construction to the pleading, accept the facts alleged as true and ascertain whether the petition alleges facts which fit within any "cognizable legal theory." Leon v Martinez (84 NY2d 83, 638 NE2d 511, 614 NYS2d 972 [1984]). Here, respondent's motion to dismiss for failure to state a cause of action must be granted because the petition is based on a defective, unamendable rent demand. 
To maintain a cause of action for nonpayment of rent, the petition must state the facts upon which the proceeding is based. RPAPL § 741(4). A proper rent demand is a condition precedent to a nonpayment proceeding which the petitioner must plead and prove along with the other elements of its case. RPAPL § 711(2). One of the purposes of the rent demand requirement is to give the tenant an opportunity to avoid litigation by paying the amount due. 2229 Creston Partners LLC v Ramos (31 Misc 3d 1221[A], 930 NYS2d 177 [Civ Ct Bx Co 2011]), citing 542 Holding Corp v Prince Fashions, Inc (46 AD3d 309, 848 NYS2d 37 [1st Dep't 2007]). To this end, the predicate rent demand required by RPAPL § 711(2) must "clearly [*3]inform the tenant of the particular period for which a rent payment is allegedly in default and the approximate good faith sum of rent assertedly due for each such period." Schwartz v Weiss-Newell (87 Misc 2d 558, 561, 386 NYS2d 191 [Civ Ct NY Co 1976]), quoted in 542 Holding Corp v Prince Fashions, Inc, supra. See, e.g., JDM Washington St, LLC v 90 Washington Rest Assoc, LLC (36 Misc 3d 769, 950 NYS2d 647 [Civ Ct NY Co 2012]); Zenila Realty Corp v Masterandrea (123 Misc 2d 1, 472 NYS2d 980 [Civ Ct NY Co 1984]). A defective predicate rent demand cannot be amended nunc pro tunc. Chinatown Apts v Chu Cho Lam (51 NY2d 786, 787, 412 NE2d 1312, 433 NYS2d 86 [1980]); Vartarian v Brady (184 Misc 2d 333, 707 NYS2d 285 [Civ Ct NY Co 1999]); Parkchester Apts Co v Walker (1995 NY Misc LEXIS 738, 213 NYLJ 123 [Civ Ct Bx Co 1995]).
Petitioner's own pleading reflects that this nonpayment eviction proceeding is based on a rent demand which seeks to collect an incorrect amount of rent: Whereas petitioner's rent ledger, incorporated by reference in the rent demand, shows that respondent's rent was $1861/month in February 2023 when petitioner received the ERAP payment, petitioner raised respondent's rent effective March 2023 by $93 to $1954/month, and demanded this payment in its predicate rent demand. This rent increase violates the ERAP Law, which precludes a landlord from raising the rent during the twelve-month period following acceptance of "the first rental assistance payment". L. 2021, c. 56, Part BB, Subpart A, § 9(2)(d)(iii) and (iv), as amended by L. 2021, c. 417, Part A, § 5. Petitioner is not permitted simply to ignore this statute, and the fact that it did so runs afoul of the long-standing requirement that rent demands include an "approximate good faith sum of rent assertedly due for each such period." Schwartz v Weiss-Newell, supra (87 Misc 2d at 561, 386 NYS2d 191). See, also, e.g., 75 Wall Assocs LLC v Zordan (78 Misc 3d 1236[A], 187 NYS3d 577 [Civ Ct NY Co 2023])(dismissing nonpayment proceeding based on rent demand that incorporated by reference an annexed rent history which included non-rent fees in contravention of RPAPL § 702[1] and was unclear as to whether an ERAP payment was to be applied to rent or utilities).
As petitioner failed to make a proper demand for the rent, a condition precedent to maintaining this proceeding under RPAPL § 711(2), the proceeding must be dismissed under CPLR R 3211(a)(7), without prejudice. Given this basis for dismissal, there is no need to address respondent's other arguments.
CONCLUSION
Based on the foregoing, respondent's motion is granted, and it is hereby ORDERED that this nonpayment proceeding is dismissed without prejudice under CPLR R 3211(a)(7) as it is based on an unamendable, defective rent demand. This constitutes the Decision and Order of the court, which is being uploaded to NYSCEF.
Dated: March 2, 2025
Bronx, New York
Hon. Diane E. Lutwak, HCJ