■ In the Matter of SALVATORE and CATHERINE PEPE, a Partnership, Respondent, v MILLER & MILLER CONSULTING ACTUARIES, INC., Appellant. [634 NYS2d 490] —In a summary proceeding to recover possession of real property, Miller & Miller Consulting Actuaries, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered July 12, 1993, which granted the petition of Salvatore and Catherine Pepe, Partners, for possession of the subject premises and to recover arrears in rent in the sum of $68,010.05, and (2) a judgment of the same court, entered August 17, 1993, which awards possession of the subject premises to Salvatore and Catherine Pepe, Partners, and is in favor of Salvatore and Catherine Pepe, Partners, in the sum of $74,125.93.

Ordered that the appeal from the order entered July 12, 1993, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment entered August 17, 1993, is reversed, on the law, without costs or disbursements, the order dated July 12, 1993, is vacated, the petition is denied, and the proceeding is dismissed.

The appeal from the intermediate order entered July 12, 1993, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The landlord, Salvatore and Catherine Pepe, Partners, failed to meet the predicate requirements of a summary proceeding, which are either a demand for rent or at least three days' written notice requiring payment of the rent due or possession of the premises, served in compliance with RPAPL 735 *(see,* RPAPL 711). This material noncompliance with the statute requires dismissal of the proceeding *(see, Stier v President Hotel,* 28 AD2d 795; *Zenila Realty Corp. v Masterandrea,* 123 Misc 2d 1; *Schwartz v Weiss-Newell,* 87 Misc 2d 558; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 32:13, at 512 [3d ed]; *cf., Lanz v Lifrieri,* 104 AD2d 400).

The parties' remaining contentions are either without merit or academic in light of our disposition. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.