■ ShopRite Supermarkets, Inc., Appellant, v Yonkers Plaza Shopping, LLC, Also Known as Yonkers Plaza Shopping Center, LLC, Respondent. [817 NYS2d 291]—

In an action, inter alia, for a judgment declaring that the defendant's rent demand and notice to cure are defective, and null and void, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered February 17, 2005, as denied those branches of its motion which were for partial summary judgment on the first, third, and sixth causes of action, granted the defendant's cross motion for summary judgment on its counterclaims, and directed a hearing to determine the amount of damages to which the defendant is entitled.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, ShopRite Supermarkets, Inc., commenced this action against the defendant, Yonkers Plaza Shopping, LLC, also known as Yonkers Plaza Shopping Center, LLC, its landlord, inter alia, for a judgment declaring that a rent demand and notice to cure sent by the defendant to the plaintiff were defective, and null and void. The plaintiff moved for summary judgment on its first, third, and sixth causes of action, which sought, among other things, declarations that the rent demand and notice to cure were of no force and effect. The defendant cross-moved for summary judgment on its counterclaims, which sought a judgment declaring that the plaintiff was required to pay the defendant the amount claimed in the rent demand as "additional rent" under their lease, and that the plaintiff was required to cure a certain violation issued by the City of Yonkers. The defendant also sought an injunction directing the plaintiff to perform repairs to the demised premises which were the subject of the defendant's notice to cure, as well as damages for breach of the lease, and an attorney's fee pursuant to a fee-shifting provision in the lease. The Supreme Court denied the plaintiff's motion, granted the defendant's cross motion, and directed a hearing to determine the specific sum of money owed by the plaintiff to the defendant. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law, inter alia, that its rent demand and notice to cure were valid. "A proper demand for rent must fairly afford the tenant, at least, actual notice of the alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assert-

edly due for each such period" (*Schwartz v Weiss-Newell*, 87 Misc 2d 558, 561 [1976]). The defendant's rent demand itemized the demolition and scaffolding costs the defendant incurred in order to mitigate, on an interim basis, the defects which were the subject of the violation, and indicated the date they were billed. Further, the rent demand notified the plaintiff that it owed the defendant the total sum as "additional rent," as defined in the lease. The rent demand provided the plaintiff with a good faith approximation of the amount due and therefore was valid (*id.*).

"The purpose of a notice to cure is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time" (*Filmtrucks, Inc. v Express Indus. & Term. Corp.*, 127 AD2d 509, 510 [1987]). The notice to cure advised the plaintiff of the lease provisions at issue and informed the plaintiff that if it failed to cure the subject violation within 30 days, the defendant intended to do so and bill the plaintiff for the costs to cure as "additional rent" under the lease. Attached to the notice to cure was a copy of the violation notice issued by the City of Yonkers, which indicated that there was "structure damage to the exterior wall around the shopping center." Therefore, the notice to cure sufficiently apprised the plaintiff of its obligations under the lease, gave a sufficient description of the areas of the building which needed repairs, and specified the consequences if the violation was not cured within a set period of time (*see Matter of One Main v Le K Rest. Corp.*, 1 AD3d 365, 366 [2003]). Although the plaintiff retained an architectural engineer to review the defendant's repair plans, it did not perform the repairs necessary to cure the violation, and did not make any payments to defray the cost of repair work.

In opposition to the defendant's cross motion, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment, granted the defendant's cross motion for summary judgment on its counterclaims, and directed a hearing to determine the precise amount of damages to which the defendant is entitled.

The plaintiff's remaining contentions are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.