Greenport Preserv., L.P. v Heyward (2021 NY Slip Op 21356)

Greenport Preserv., L.P. v Heyward

2021 NY Slip Op 21356 [74 Misc 3d 46]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 9, 2022

[*1]

Greenport Preservation, L.P., Appellant,
v
Tammy Heyward et al., Respondents, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 17, 2021

APPEARANCES OF COUNSEL

Gutman, Mintz, Baker and Sonnenfeldt, LLP (Tamra Pelleman and Gary Friedman of counsel) for appellant.
The Legal Aid Society (Katie Redmon of counsel) for respondents.

{**74 Misc 3d at 47} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, without costs.
Landlord, the owner of a project-based Section 8 building, commenced this nonpayment proceeding by petition dated August 20, 2019. Landlord served a predicate notice upon tenants which, in addition to demanding rent, provided that landlord "elects to terminate" the tenancy as a result of tenants' "failure to make timely rental payments" and that the tenancy was "deemed terminated as of August 15, 2019." Following tenants' motion for, among other things, summary judgment dismissing the petition, the Civil Court asked the parties for supplemental memoranda of law on the language of the predicate notice. The Civil Court subsequently, among other things, denied tenants' motion but dismissed the petition pursuant to CPLR 409 (b).
It is well settled that a nonpayment proceeding can be maintained only where there is a landlord-tenant relationship between the parties (see Lakeview Affordable Hous., LLC v Turner, 66 Misc 3d 142[A], 2020 NY Slip Op 50163[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020] [in a nonpayment proceeding against tenants in a project-based Section 8 building, the Appellate Term dismissed the petition because a 10-day notice attached to the petition purported to terminate the tenancy based upon the nonpayment shortly prior to the commencement of the proceeding and the defect was not amendable]; see also RPAPL 711 [2]; 
Putnam Realty Assoc., [*2]LLC v{**74 Misc 3d at 48} Piggot, 44 Misc 3d 141[A], 2014 NY Slip Op 51306[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53, 54 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Shahid v Carillo, 18 Misc 3d 136[A], 2008 NY Slip Op 50278[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, the predicate notice annexed to the petition provided that the "tenancy is deemed terminated as of August 15, 2019," and the petition is dated August 20, 2019. The proceeding was therefore commenced after the tenancy had purportedly been terminated, rendering the nonpayment petition facially insufficient (see Lakeview Affordable Hous., LLC v Turner, 2020 NY Slip Op 50163[U]).
We acknowledge that 24 CFR part 247, applicable to subsidized Section 8 projects such as the one in which the subject apartment is located (see 24 CFR 247.1), defines "[e]viction" as "the dispossession of the tenant from the leased unit as a result of the termination of the tenancy, including a termination prior to the end of a term or at the end of a term" (24 CFR 247.2) and that 24 CFR 247.6 prohibits a landlord from "terminat[ing] any tenancy" except in accordance with the requirements of 24 CFR part 247, subpart A. The only permissible grounds for the termination of such a tenancy are listed in 24 CFR 247.3 (a), and they include "[m]aterial noncompliance with the rental agreement" (24 CFR 247.3 [a] [1]), which incorporates nonpayment of rent (see 24 CFR 247.3 [c]). To terminate a tenancy, 24 CFR 247.4 mandates service of a notice that must, among other things, "[s]tate that the tenancy is terminated on a date specified therein" and advise that failure to vacate may result in the commencement of judicial proceedings (24 CFR 247.4 [a] [1], [3]), and it must include specific language in the case of a termination based upon a tenant's failure to pay rent (see 24 CFR 247.4 [e]). Landlord argues that its predicate notice complies with these requirements, and therefore that the nonpayment petition should not have been dismissed.
Contrary to landlord's position, the federal regulations governing any termination of the lease cannot change the requirements for a nonpayment summary proceeding governed by state law. In New York, no nonpayment proceeding lies after the landlord-tenant relationship has been terminated (compare RPAPL 711 [2], and Lakeview Affordable Hous., LLC v Turner, {**74 Misc 3d at 49}2020 NY Slip Op 50163[U], with RPAPL 711 [1] [permitting a holdover proceeding when the "tenant continues in possession of any portion of the premises after the expiration of his term," including after the premature termination of a lease], and Nyack Plaza v Parker, 18 Misc 3d 126[A], 2007 NY Slip Op 52353[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Rather, RPAPL 711 (2) requires, as the predicate to a nonpayment proceeding, a rent demand that permits the tenant to choose between timely paying the rent demanded therein—thus preserving the landlord-tenant relationship—or surrendering possession (see RPAPL 711 [2]; Patchogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Only if the tenant does neither may the landlord commence an RPAPL 711 (2) proceeding to terminate the tenancy. Since landlord's predicate notice purported to have already terminated the tenancy, the petition here was properly dismissed.
Accordingly, the order, insofar as appealed from, is affirmed.
Elliot, J.P., Weston and Golia, JJ., concur.