| |
|---|
| **Waterside Gardens v McKay** |
| 2025 NY Slip Op 30667(U) |
| January 30, 2025 |
| City Court of New Rochelle, Westchester County |
| Docket Number: Index No. LT 1137-24 |
| Judge: Jared R. Rice |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER

---------------------------------------------------------------------

WATERSIDE GARDENS,                                    INDEX NO.   LT 1137-24

                          Petitioner,

          -against-
                                                      DECISION AND ORDER

KHADENE MCKAY,

                          Respondent.

---------------------------------------------------------------------

David I. Rifas, Esq.                    Edward Fajardo, Esq.
271 North Avenue                        Hudson Valley Justice Center
New Rochelle, New York 10801            19 Court Street, Suite 305
Attorney for Petitioner                 White Plains, New York 10601
                                        Attorney for Respondent

Rice, J.:

          The following papers were read on this motion:

| | |
|---|---|
| Notice of Motion to Dismiss, Affirmation in Support, and Exhibits A-F | 1-2, 3-8 |
| Respondent Affidavit in Support of Motion to Dismiss, Exhibits A-B | 9, 10-11 |
| Notice of Cross-Motion, Affirmation in Support of Cross-Motion and in Opposition to Dismiss, Exhibits A-C | 12, 13-15 |
| Affirmation in Reply in Support of Motion to Dismiss and in Opposition to Cross-Motion, Exhibits A-B | 16, 17-18 |
| Affirmation in Reply in Support of Cross-Motion, Exhibit D | 19, 20 |
| Affirmation in Sur-Reply in Support of Motion to Dismiss, Exhibit | 21, 22 |

Petitioner commenced this summary nonpayment proceeding on or about August 8, 2024, against respondent to recover 50 Davenport Avenue, Apartment 2-B, New Rochelle, New York (premises) seeking rent owed through June 2024 in the amount of $8,110, representing rent arrears alleged to be owed from April 2024 through June 2024 at $2,500 per month, with a balance of $610 for March 2024. Respondent interposed a verified answer, inter alia, denying that she owes the amount sought in the petition, asserting that the 14-day rent demand is fatally defective, asserting that the petition is defective as it fails to state the proper regulatory status of the premises, and asserting that petitioner breached the warranty of habitability.

[* 1]

Respondent now moves by notice of motion for an order: (1) dismissing the proceeding pursuant to CPLR §§ 3211(a)(1) and (a)(7) and CPLR §§3212(b) and Real Property Actions and Proceedings Law (RPAPL) § 711 because the rent demand is defective; (2) dismissing this proceeding pursuant to CPLR §§ 3211(a)(1) and (a)(7) and CPLR §§3212(b) and RPAPL § 741 because the petition does not state the regulatory status of the premises; and (3) granting respondent such other and further relief as the Court deems just, equitable and proper. Specifically, respondent asserts that petitioner failed to reflect her payments made and earmarked for the months of March 2024 and April 2024 when it issued the 14-day rent demand on July 1, 2024; thus, rendering the rent demand and the petition defective. Respondent also asserts that she satisfied the petition before the petition was filed with the Court on August 8, 2024.

Petitioner cross-moves pursuant to CPLR §§ 3025(b) and 406 to amend the petition to reflect the deregulated status of the premises and opposes the instant motion, averring that the respondent's summary judgment motion should be denied in its entirety as respondent has not met her prima facie burden to show that there is no material issue of fact. Moreover, petitioner asserts that the rent demand and the petition are accurate as the premises were converted to a non-eviction residential cooperative in 1988 (Rifas affirmation ¶ 4, petitioner's exhibit A).[1]

**Motion for Summary Judgment to Dismiss the Petition**

In the instant proceeding, although respondent moves pursuant to CPLR 3211 and CPLR

---

[1] Petitioner further explains that "[i]n 1993, New Rochelle became the first community in Westchester County to exempt vacant sponsor-owned co-ops and condominiums from the Emergency Tenant Protection Act (ETPA) (Rifas affirmation ¶ 6, petitioner's exhibit B). The premises occupied by respondent was occupied by a non-purchasing tenant from December 1984 until April 1995 as reflected in DHCR records (Fajardo affirmation exhibit A). Thereafter, the premises was no longer registered with DHCR (*id.*). Respondent moved into the premises in November 2013 (McKay affidavit ¶ 5).

[* 2]

3212, as an answer has already been filed, the Court only applies the standard for a CPLR 3212 summary judgment motion. The Court further notes that petitioner, in its arguments, applied the correct standard, to wit: whether or not there remains a triable issue of fact.

It is well settled that "summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223 [1978]). An application for summary judgment must establish that there is no triable issue of fact and that the moving party is entitled to a judgment as a matter of law. Pursuant to CPLR 3212 (b), the Court's function in determining a motion for summary judgment is limited to ascertaining the existence of any genuine issues of material fact in the proofs laid bare by the parties' submission of affidavits based on personal knowledge and documentary evidence (*Behar v Ordover*, 92 AD2d 557 [2d Dept 1983]).

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. (*Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]). Once a party moving for summary judgment has made a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to establish the existence of material issues of fact that would require trial for resolution" (*id.* at 72 [Ct. App. 2003]).

**Nonpayment Proceeding**

Pursuant to RPAPL 711(2), petitioner must provide a proper rent demand to respondent before commencing a nonpayment proceeding and respondent has the option of avoiding eviction by paying the amount of rent arrears sought. The Appellate Division, Second, Department, has found that

"[a] proper demand for rent must fairly afford the tenant, at least, actual notice of the

—3—

alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period" (*Supermarkets, Inc. v Yonkers Plaza Shopping, LLC*, 29 AD3d 564, 565-566 [2d Dept 2006][citing *Schwartz v Weiss-Newell*, 87 Misc 2d 558, 561 [1976]]).

A predicate notice cannot be amended (*Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786 [1980]).

Rent payments earmarked for specific periods must be applied to those periods for which they are earmarked (*see EOM 106-15 217th Corp. v Severine*, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; *Greenbrier Garden Apts. v Eustache*, 50 Misc 3d 142[A], 2016 NY Slip Op 50210[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; *134-38 Maple St. Realty Corp. v Medina*, 3 Misc 3d 134[A], 2004 NY Slip Op 50469[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).

After a careful review of the papers submitted, the Court finds that petitioner's rent ledger reflects that the rent alleged to be due and owing in the underlying 14-day rent demand was paid by respondent prior to the commencement of this proceeding (Fajardo affirmation, exhibit B [ledger]; McKay affidavit, exhibit A [payments]). The Court notes that respondent's rent payments for March 2024 and April 2024 were received and credited on petitioner's ledger prior to the issuance of the 14-demand rent demand, dated July 1, 2024, but was still included therein as outstanding. Thus, the Court finds that the 14-day rent demand was defective as it did not afford respondent actual notice and was not a good faith approximation of the amount of the alleged amount due because it included rent for both March 2024 and April 2024 although same had already been paid (*Supermarkets, Inc.*, 29 AD3d 564 [2d Dept 2006]).

The Court also finds that although respondent's rent payments for May 2024 and June 2024, were received after the expiration of the 14-day rent demand, said payments were received

and credited by petitioner prior to the commencement of the instant proceeding. As such, respondent satisfied the 14-day rent demand leaving no basis for a nonpayment proceeding.

The Court notes that the nonpayment petition filed in the instant matter sought rent arrears as demanded in the 14-day rent notice. RPAPL § 731(4) provides that in a nonpayment case "payment to the landlord of the full amount of rent due, when such payment is made at any time prior to the hearing on the petition, shall be accepted by the landlord and renders moot the grounds on which the special proceeding was commenced." Thus, the Court finds that respondent's payment of May 2024 and June 2024 rent prior to the filing of the underlying nonpayment petition has mooted the grounds for the instant nonpayment matter.

Based on the foregoing the Court finds that respondent has demonstrated entitlement to judgment as a matter of law on the foregoing grounds and shifted the burden to petitioner to demonstrate the existence of a triable issue of fact. Following a review of petitioner's papers, the Court finds that petitioner failed to raise a triable issue of fact.

As such, the Court grants the respondent's motion for summary judgment in its entirety and denies petitioner's cross-motion to amend the petition in its entirety. Accordingly, the instant matter is dismissed.

The Court need not address the other issues raised by respondent or petitioner's cross-motion as same are now moot.

This constitutes the Decision and Order of the Court.

Dated:   New Rochelle, New York
         January 30, 2025

_____
Hon. Jared R. Rice
City Court Judge

–5–