Spring Val. Preserv., L.P. v McCoy (2025 NY Slip Op 25216)

[*1]

Spring Val. Preserv., L.P. v McCoy

2025 NY Slip Op 25216

Decided on February 24, 2025

Justice Court Of The Town Of Clarkstown, Rockland County

Pollak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 24, 2025

Justice Court of the Town of Clarkstown, Rockland County

Spring Valley Preservation, L.P., Petitioner,

against

Cleveland T. McCoy And
"John Doe" Nos. 1-5

7 LAKEVIEW VILLAGE
SPRING VALLEY, NY 10977, Respondent(s).

Index No. 24-110261

Edward J. Quilice, Esq.
Silverstein Law P.C.
Attorneys for Petitioner
254 South Main Street, Suite 210
New City, NY 10956

Mary Ellen Natale, Esq.
Legal Aid Society of Rockland, Inc.
Attorneys for Respondent
2 Conger Road, Suite 1
New City, NY 10956

Aimee Pollak, J.

Before the Court is the Notice of Petition and Petition of Spring Valley Preservation, L.P. (Petitioner-Landlord) to recover real property from Cleveland T. McCoy (Respondent-Tenant) for the premises known as 7 Lakeview Village, Spring Valley, NY 10977 and for damages in the [*2]amount of unpaid rent, plus interest and costs. Also before the Court is the motion by Respondent for a stay of eviction per RPAPL § 753.

The matter came on for trial on February 4, 2025. Petitioner was represented by Edward Quilice, Esq. of Silverstein Law, P.C. Respondent was represented by Mary Ellen Natale, Esq. of the Legal Aid Society of Rockland County. The following Exhibits were entered into evidence:

P1

Lease Agreement

P2

5 Day Notice dated October 31, 2024

P3

30 Day Notice dated August 20, 2024

P4

Rent arrears ledger as of February 3, 2025

Background
Petitioner is the beneficial owner and landlord of a low income subsidized housing complex known as Lakeview Village, located in Spring Valley, New York. On December 30, 2022, Petitioner and Respondent entered into a Lease Agreement for Unit 7 at the property beginning on December 30, 2022 and extending for a year. Rent was set at $1000/month, due on the first of each month.

On August 20, 2024, Petitioner delivered a 30 Day Notice to Respondent informing him that he owed $10,160 in rent from October 2023 through August 2024. The 30 Day Notice informed Respondent that he had 30 days to pay the arrears or surrender possession of the unit. The 30 Day Notice further stated that Petitioner would commence summary proceedings to recover possession of the unit if Respondent neither paid the arrears nor vacated the unit.

On October 31, 2024, Petitioner sent a subsequent letter by certified mail to Respondent informing him that he owed $12,160.00 in unpaid rent as of that date. This notice indicated that Respondent's rent was more than 5 days past due and further indicated that failure of Respondent to pay immediately upon receipt of the notice would result in the landlord taking legal action.

On November 8, 2024, Petitioner filed the Notice of Petition and Petition with this Court. The matter was set for a first appearance on November 19, 2024, but adjourned on consent. Petitioner and Respondent both appeared by counsel on December 10, 2024. The matter was again adjourned to allow Respondent to file an answer, which he did on January 3, 2025. The parties appeared on January 7, 2025. No settlement was reached and the matter was set down for trial on February 4, 2025.

Trial Testimony
Plaintiff called Ms. Christine Scofield of Arco Management as its first witness. Ms. Scofield testified that she is the Vice President of Operations. She said that Arco Management provides management services at Lakeview Village. She testified about the Lease Agreement, the 30 Day Notice, the 5 Day Notice sent on October 31, 2024 by certified mail, and the rent [*3]ledger, each of which were accepted into evidence over objection of Respondent's counsel.[FN1]
Ms. Scofield testified that that 30 Day Notice was served on Mr. McCoy personally by a process server. She testified that, Mr. McCoy currently owes $16,160 in back rent, plus $142 for an air conditioning fee.

On cross-examination, Ms. Scofield admitted that she did not sign the lease agreement or the notices. She testified that she did not send the notices herself. On redirect, she testified that she is familiar with the office procedures for sending notices of these types. Petitioner rested.

Counsel for Respondent moved to dismiss for failure to make out a prima facie case. Counsel argued that the predicate notices were defective, as the 30 Day Notice was served two months before the 5 Day Notice was mailed. Counsel for Petitioner responded that the 5 Day Notice was properly sent more than five days after rent became due. Counsel argued that failure to send the 5 Day Notice may be raised as an affirmative defense, but pointed out that it was not raised in the answer and was therefore waived. The motion to dismiss was held in abeyance.

Defendant took the stand to testify on his own behalf. He testified that he had lived in Lakeview Village for about a year. He testified that he was working when he moved into the unit, but then he was diagnosed with cancer, which prevented him from continuing his employment. He testified that he subsequently had a stroke and was then diagnosed with a second type of cancer. He testified that he receives cancer treatment at Good Samaritan Hospital. He is 64 years old.

Respondent testified that he made his rent payments each month until he stopped working. He said that he last worked on May 30, 2023. He reviewed the ledger that was admitted into evidence. Respondent testified that he did not know if the balance of $16,160 was correct. He testified that he had not made any payments since April 2024, but he thought that he had submitted a couple of money orders in October 2023 that totaled $4,000.00. He testified that he kept his payment receipts in his car, but he does not have that car anymore. Respondent admitted to some confusion and called himself "discombobulated."

Respondent testified that he has not looked for alternative housing. He said that if he is forced to move out of his unit, he would probably move in with the mother of his three-year-old son. He also said that his daughter lives in North Carolina and she has offered for him to stay with her, but he does not want to do that until he has finished his medical treatment.

On cross-examination, Respondent testified that he had tried to apply for Section 8 after he stopped working, but he was denied. He testified that he receives $800/month in SSI (supplemental security income). He admitted that he could not afford to pay $1000/month in rent going forward.

In closing, Respondent's counsel argued that Respondent should be given credit for the amounts he claimed to have paid that he testified were not reflected on the ledger. Respondent's counsel also argued that the improper order of the delivery of the predicate notices requires dismissal of the matter. Finally, in the alternative, counsel requested that this Court grant a RPAPL § 753 stay of eviction to Respondent based on his serious health issues.

Petitioner's counsel argued in closing that Petitioner had proven with competent evidence [*4]that Respondent owed over $16,000 in rental arrears. Counsel argued that Petitioner had properly completed every procedural step required for a summary proceeding. Counsel argued that all predicate notices were properly served. Petitioner's counsel argued that any objection to the 5 Day Notice was not preserved because it was not raised in the answer. Counsel argued that Respondent did not provide any competent evidence of payments that were not properly credited. Finally, counsel argued that Respondent does not qualify for a stay per RPAPL § 753 because he has other housing options and he cannot pay ongoing rent.

Discussion
The Housing Stability and Tenant Protection Act of 2019 ("HSTPA") (L. 2019, ch. 36) enacted many changes and additions to the Real Property Law (RPL) and the Real Property Actions and Proceedings Law (RPAPL) for the stated purpose of tenant protection (see HSTPA §1 ["This act enacts into law major components of legislation relating to rent regulation and tenant protection."]). Amongst other things, HSTPA added subsection (d) to RPL § 235-e (HSTPA §1, Part M, § 9), which directs that a landlord send a notice to a tenant when rent is five days late.

Article 7 of RPAPL contains the substantive and procedural rules governing summary proceedings to recover possession of property. The courts have held that there must be strict adherence to the statutory provisions of the summary eviction proceedings in the RPAPL because they are creations of statute in derogation of the common law (see Dulberg v Ebenhart, 68 AD2d 323, 328 [1st Dept 1979] [summary proceeding may be maintained only where authorized by statute]; Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [Civ Ct NY Co 1984]; see also MSG Pomp Corp. v Doe, 185 AD2d 798 [1st Dept. 1992] [a "summary proceeding is a special proceeding governed entirely by statute and . . . there must be strict compliance with the statutory requirements to give the court jurisdiction"] [internal citations and quotations omitted]). In particular, RPAPL § 711(2) requires a landlord to deliver a predicate notice to the tenant by personal service at least 14 days prior to commencement of a summary non-payment proceeding. The landlord must establish that it provided a tenant with a notice that satisfies RPAPL § 711(2), served as directed in RPAPL § 735, or the summary proceeding must be dismissed see, e.g., Supermarkets, Inc. v Yonkers Plaza Shopping, LLC, 29 AD3d 564, 565-566 [2d Dept 2006]; Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545 [2d Dept 1995]; Greenport Preserv., L.P. v Heyward, 74 Misc 3d 46 [App. Term. 2d Dept 2021]).

Article 7 of the RPL contains additional substantive and procedural law governing the landlord-tenant legal relationship. Article 7 of the RPL applies whether a summary proceeding is pursued or not. The notice provision at § 235-e(d) requires a landlord to provide a tenant with a written notice of the non-payment of rent by certified mail after the rent is five days late. The statute states that "[t]he failure of a lessor . . . to provide a lessee with a written notice of the non-payment of rent may be used as an affirmative defense by such lessee in an eviction proceeding based on the non-payment of rent." However, unlike § 711(2), the courts have held that lack of compliance with RPL § 235-e(d) is not jurisdictional (see 320 E. 73, LLC v Alfredo, 80 Misc 3d 178, 182-183 [Civ. Ct., NY Co 2023] [compliance with RPL § 235-e(d) not a condition precedent to maintaining summary proceeding]; Lawler v Canfield, 66 Misc 3d 312, 317 [Watertown City Ct, Jefferson Co. 2019]).

Here, Respondent does not dispute that Petitioner complied with § 711(2) by personally [*5]serving the 30 Day Notice dated August 20, 2024. Nor does Respondent allege that the §711(2) notice was defective. Respondent instead argues that the § 235-e(d) notice should have preceded the § 711(2) notice. Respondent argues that the alleged improper order of the notices invalidated the § 235-e(d) notice and/or the § 711(2) notice, requiring dismissal of the petition.

Reference to the text of the two statutes does not lend support to Respondent's argument, as neither statute references the other. Case law has not addressed this matter, either, making it a matter of first impression. However, in discussing whether § 235-e(d) created a condition precedent to filing a summary proceeding, the Court in 320 E. 73, LLC v Alfredo reasoned:

When the legislature passed the HSTPA and substantially amended RPAPL § 711(2), it did not require a notice pursuant to RPL § 235-e(d) as a condition precedent to the maintenance of a summary nonpayment proceeding. Nor did the legislature require service of the RPL § 235-e(d) notice as a condition precedent within RPL § 235-e(d) itself (compare this with RPL § 232-a where a condition precedent to maintaining a summary proceeding is clearly articulated). If the legislature sought to add a new or additional condition precedent to the maintenance of a summary nonpayment proceeding, it would have explicitly done so in passing the HSTPA. For these reasons, the court finds that compliance with RPL § 235-e(d) is not an essential fact that must be stated in the petition pursuant to RPAPL § 741(4) for Petitioner to maintain this summary nonpayment proceeding.
80 Misc 3d at 182-183.
Using the same principles of statutory construction, a plain reading of the language reveals that neither statute directs a particular order for service of the two notices. Instead, it appears that the RPAPL § 711(2) notice and the RPL § 235-e(d) notices are completely independent of each other. Presumably, if the legislature intended to require that one notice precedes the other, it could have explicitly included such language in the HSTPA. Lacking any evidence of such intent, this Court must conclude that there is no requirement that the § 235-e(d) notice be mailed prior to the service of the § 711(2) notice, nor that the mailing of the § 235-e(d) notice after the § 711(2) notice impacts the validity of either. Therefore, Respondent's motion to dismiss on this basis is denied.

A petitioner-landlord has the burden to prove (1) that the petitioner is the real property's owner or is otherwise authorized to maintain the proceeding; (2) the existence of a valid lease between the parties; (3) that the predicate notice demanding unpaid rent was served; (4) and that the rent demanded is actually owed (see "A Guide to New York State Commercial Landlord-Tenant Law and Procedure-Part II," Hon. Gerald Lebovits, Michael B. Terk, 87-Apr N.Y.S.B.J. 34, 38 [March/April 2015]). The petitioner has the burden of proving its case by a fair preponderance of the credible evidence (see Rinaldi & Sons, Inc. v Wells Fargo Alarm Serv., Inc., 39 NY2d 191, 196 [1976]).

Here, Petitioner provided uncontroverted testimony that it is authorized to bring the proceeding, a copy of a valid lease, proof of predicate notices, and credible testimony and evidence that a total of $16,100 was owed in back rent. Respondent provided inconsistent testimony about how long he had lived in the unit, when he stopped working, when he got sick, and when or how much he paid in rent with money orders that allegedly were not reflected in the rent ledger. Respondent admitted that he was "discombobulated," which significantly undercut the reliability of his testimony. Respondent's claim that he had paid additional amounts by money orders that were not properly recorded was not sufficiently credible to overcome [*6]Plaintiff's proof. Therefore, Petitioner's claim for a judgment of possession, damages in the amount of $16,160, and a warrant of eviction is granted.

Finally, Respondent moves for a stay pursuant to RPAPL § 753 based on his poor health. While serious ill health is a ground upon which a stay may be granted, unfortunately, Respondent admitted that he cannot pay the ongoing rent, which is a requirement for granting a stay per RPAPL § 753(2). Further, Respondent admitted that he has not looked for alternative housing because he can move in with his son's mother if he cannot remain in Lakeview Village, undercutting any argument that he has made reasonable efforts to secure other housing. Based on this testimony, Respondent failed to establish entitlement to a stay. Therefore it is

ORDERED that the motion to dismiss by Respondent is DENIED; and it is further

ORDERED that a judgment of possession of the property at 7 Lakeview Village, Spring Valley, New York in favor of Petitioner is GRANTED; and it is further

ORDERED that a judgment in the amount of $16,160 as and for unpaid rent from November 2023 through February 2025, plus interest and costs is GRANTED; and it is further

ORDERED a warrant of eviction for removal of Respondent from the premises is GRANTED; and it is further

ORDERED that Respondent's motion for a stay pursuant to RPAPL § 753 is DENIED.

Petitioner is directed to submit a Judgment and Warrant consistent with this Decision and Order for the Court to so order.

Dated: February 24, 2025
New City, New York
HON. AIMEE POLLAK

Clarkstown Town Justice

Footnotes

Footnote 1:Respondent objected to the admission of the documents because they were not prepared by Petitioner's witness. However, the Court found that the witness laid a proper foundation for admission of the documents as business records per CPLR § 4518.