Blue Rio LLC v Mascary (2026 NY Slip Op 50097(U))

[*1]

Blue Rio LLC v Mascary

2026 NY Slip Op 50097(U)

Decided on January 28, 2026

City Court Of Mount Vernon

Coverdale, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 28, 2026
City Court of Mount Vernon

Blue Rio LLC, Petitioner-Landlord

againstA. Mascary AND SMITH MAITRE 122 N. 3rd Avenue — Apt. 11C 
 Mount Vernon, NY 10550, Respondents-Tenants.

Index No. 0589-25

Morton Kaner, Esq.Attorney for Petitioner56 Harrison StreetNew Rochelle, NY 10801Iris Postelnicu, Esq. 
Ann Hawthorn-Connelly, Esq.Attorneys for Respondent 
Hudson Valley Justice Center30 South Broadway, Suite 500Yonkers, New York 10701

Tamika A. Coverdale, J.

Petitioner commenced this nonpayment summary proceeding in April 2025 seeking to recover $24,572.00 in rental arrears for the period of February 2024 through April 2025. Per the Petition, respondent's monthly rent is $1,633.00.
On May 1, 2025, the parties appeared on the return date of the Petition. Both tenants appeared pro se. Petitioner stated that $15,572 in arrears was due and owing. Both tenants were referred to seek counsel prior to the next court appearance. Respondent Smith Maitre submitted a letter to the Court affirming that he was experiencing financial hardship. He stated that he is a Section 8 tenant and has been seeking to have his income adjusted to his current income. Respondent acknowledged that he owed back rent, stated that he had already paid $9,000, and currently owed $15,572. He also affirmed that he had contacted the Department of Social Services for assistance with the rental arrears.
On June 11, 2025, Respondent Maitre appeared with counsel and filed an Answer.
On July 2, 2025, the parties appeared. Respondent Maitre filed a motion to dismiss. A motion schedule was set. Petitioner's opposition papers were to be filed by July 23, 2025. On August 4, 2025, petitioner appeared in court and was granted an extension until August 26, 2025 to file papers. Also on August 4, 2025, respondent filed a Notice of Unopposed Motion to Dismiss.
On August 22, 2025, respondent filed opposition papers affirming that respondent's motion be denied because of perceived misnomers in the caption. The Notice of Motion had Smith Maitre N. 3rd Ave., Apt 5L, Mount Vernon, NY as the named respondent. Petitioner argued that the tenant of apartment 5L is Tyouka Powell and that the tenants of apartment 11C are A. Mascary and B. Maitre. By email dated August 28, 2025, the respondent's counsel acknowledged that there was a typographical error with the apartment number in the motion. Counsel also affirmed that the initial papers, including the Notice of Petition, Petition and Verified Answer misidentified respondent's name. Counsel affirmed that respondent's name is Smith Maitre, not B. Maitre. 
On September 5, 2025, the parties appeared and consented that the papers would be amended to reflect the correct apartment number and name for respondent. The parties affirmed that they were attempting to work out a settlement agreement and requested that a Decision on the respondent's motion be held in abeyance. The parties appeared on September 24, 2025 and advised that no settlement agreement had been reached. Respondent's counsel argued that the agency CLUSTER no longer had the funding to pay for the respondent's arrears. She affirms that petitioner failed to submit the paperwork to receive funding. A new motion schedule was set for petitioner to file opposition papers to address the substantive matters in the motion. The time for filing opposition papers was extended until November 10, 2025. Respondent did not file any additional opposition papers.
The Court will now address the respondent's motion to dismiss. Respondent moves to dismiss the petition on the grounds that 1) the petition fails to state the facts upon which the proceeding is based as mandated by RPAPL § 741(4) since petitioner failed to allege the regulatory status of the premises, 2) petitioner served a defective 5-Day rent demand, 3) petitioner failed to serve a 14-Day Notice, 4) petitioner failed to serve respondent with the Good Cause Eviction Law notice, 5) the petition seeks non rent charges, 6) petitioner failed to cooperate with rental assistance agencies to assist the respondent, thus engaging in income discrimination.
The nonpayment petition served on the respondent in this proceeding states that respondents are the tenants of the subject premises and defaulted in the payment of rent. Per the petition, respondents monthly rent is $1,633.00 per month. The petition alleges that the tenant owes arrears of $24,572. for the period of February 2024 through April 2025. A copy of the 5-Day late rent notice is attached the petition, with certified mail receipts. 
In support of the motion to dismiss, Respondent Maitre affirms that he has resided at the premises since November 2017. Respondent affirms that he receives Section 8 rental assistance from CVR. He also affirms that the building is a Low Income Housing Tax Credit building. He affirms that his share of the rent is $61.00 per month, and the total rent per month is now $1,711.00. Respondent affirms that he was approved for ERAP assistance. He affirms that on March 27, 2023 his landlord received an ERAP payment in the amount of $9526.00, to cover the period of April 2022 through April 2023. Respondent affirms that he received a notice on or [*2]about March 30, 2025 and was served with the eviction petition in mid April 2025. Respondent affirms that on May 30, 2025 he received five retroactive back dated lease renewal forms. He affirms that he did not sign them because they seek to increase his rent from $1,711 to $2,179.00 per month. Respondent argues that under the LIHTC regulations, the landlord cannot increase his rent higher than 2 times the percentage increase in Area Media Income, or a 10% cap. Respondent argues that he is in the process of finalizing the rental arrears assistance application with CLUSTER but needs a signed copy of the lease for the relevant arrears period to receive assistance. Respondent maintains he has been trying to obtain a copy of the lease since May 2025. On June 27, 2025, respondent received a denial letter from CLUSTER, stating the application was denied for rental arrears because the landlord did not provide them with the necessary documents (Exhibit I).
CONCLUSIONS OF LAWA summary proceeding is a special proceeding governed entirely by statute, and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction (See Goldman Bros. v. Forester, 62 Misc 2d 812 [NY Civ. Ct. 1970]). A petition in a summary proceeding is sufficient if it sets forth sufficient facts so that respondent may adequately frame a defense (Tompkins Park-St. Marks Associates v. Boz II Enterprises, Ltd., 177 Misc 2d 949 [1998]). A landlord must make a written demand for the payment of rental arrears prior to commencing a nonpayment proceeding. In particular, RPAPL § 711(2) requires a landlord to deliver a predicate notice to the tenant by personal service at least 14 days prior to commencement of a summary non-payment proceeding. The landlord must establish that it provided a tenant with a notice that satisfies RPAPL § 711(2), served as directed in RPAPL § 735, or the summary proceeding must be dismissed (see, e.g., Supermarkets, Inc. v. Yonkers Plaza Shopping, LLC, 29 AD3d 564, 565-566, 817 N.Y.S.2d 291 [2d Dept. 2006]; Pepe v. Miller & Miller Consulting Actuaries, 221 AD2d 545, 634 N.Y.S.2d 490 [2d Dept. 1995]; Greenport Preserv., L.P. v. Heyward, 74 Misc 3d 46, 160 N.Y.S.3d 734 [App. Term. 2d Dept. 2021]).
RPAPL § 735(1) states in pertinent part:
"Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail[.]"
RPL § 235-e[d] requires service of a reminder notice prior to the commencement of a nonpayment proceeding. The statute provides that a written 5-Day late rent reminder must be served when the rent has not been received within 5 days of the due date. This reminder, unlike the 14-Day rent demand, is to be served by certified mail.
Here petitioner served a "5 — DAY NOTICE OF PAST DUE RENT", dated March 21, 2025. It states "You have not paid rent for the month of March 2025 and it is more than five days [*3]past the due date. The total rent owed is $22,939.00. You must either pay the total rent owed, or an eviction case will be filed against you." The notice further provides the "WRITTEN DEMAND FOR PAST DUE RENT". The predicate notice provides "You owe rent as follows: Bal. $77.00, 2/1/24 — 3/31/25 
@ $1,633.00 per month". The respondents are admonished "You must either pay the total rent owed or move out of the premises within 14 days after you are served with this notice, or the landlord will start an eviction case against you in court." Certified mail receipts dated March 22, 2025 are attached to the petition for CVR NY, A. Mascary and B. Maitre. Also attached is the Affidavit of Service. Process server Stephen Weiss affirms that the "5 Day Notice" was served on March 21, 2025 at 6:05pm via conspicuous place service at 122 N. 3rd Avenue, 11 C, Mt. Vernon, NY. He affirms that prior attempts at personal service were made on March 21, 2025 at 11:00am. He affirms that an additional mailing was made on March 22, 2025.
Petitioner does not to allege that a separate 14-Day Notice was served. Instead, they merely allege in the petition that they served a "written demand to pay past due rent instructing them to pay the rent owed or to move out within 14 days. A copy of the form and proof (affidavit or affirmation) of service are attached." Since petitioner has filed no opposition papers, the Court is left to presume that petitioner's notice labeled "5-DAY NOITCE OF PAST DUE RENT" is supposed to satisfy the requirements of both RPL 235-e[d] and RPAPL § 711[2]. The Court has not been able find any Appellate authority that permits or prohibits the filing of a combined 5-Day late rent notice and 14- Day rent demand. A trial court in Westchester County tangentially touched on the issue. In Ghailan v Carver, 81 Misc 3d 1232 [A] [Just Ct. Ossining 2024], the petitioner served respondent with a combined notice "NOTICE OF NON-PAYMENT PURSUANT TO RPL § 235-e[d] AND NOTICE OF DEFAULT". Respondent moved to dismiss the nonpayment proceeding on the ground that the Petitioners failed to comply with the 14-Day notice requirement. Respondent argued that the notices required by RPL 235-e[d] and RPAPL 711[2] are not interchangeable and that the predicate notice failed to provide the language required by RPAPL § 711[2]. In opposition, the petitioner argued that the single notice served satisfied both requirements. In granting the respondent's motion to dismiss, the court found that the predicate notice was defective because it failed to comply with the requirements set forth in RPAPL § 711[2], as it failed to inform respondent that she could either pay or vacate the premises. The court stated, "In light of the foregoing, the Court need not decide where the requirements of RPL 235-e[d] and RPAPL 711[2] may be met by service of one combined notice".
On August 20, 2021, the New York State Bar Association published an article, The Process Due When Rent Is Due: Residential Nonpayment Evictions in New York After COVID-19 by William J. Niebel ( https://nysba.org/the-process-due-when-rent-is-due-residential-nonpayment-evictions-in-new-york-aftercovid19/?srsltid=AfmBOorhklYqhzcSuQKTvhwsWJk6qatHV7XYU6-iuipafxfiKjEYlVyb
Therein, author Attorney Niebel addressed if the 5-Day late rent notice and 14-Day rent demand can be combined into one notice. 
Can the 14-day notice simply be served six days after the rental due date, and thus double as the five-day "written notice stating the failure toreceive such rent payment" under RPL § 235-e(d)? No, for at least four reasons.First, basic rules of statutory construction indicate that this new provision in the Real [*4]Property Law creates a new and additional notice. The new provision must be read and understood in a way that gives it meaning, not one that renders it superfluous.Second, the notices serve different purposes. The five-day notice requirement applies to tenancies at all times, regardless of whether a nonpayment eviction is contemplated, and it functions to formalize rent recordkeeping — to keep the landlord and tenant "on the same page." The 14-day notice sets the stage for a summary eviction proceeding.Third, the statutes require these notices to be served in different manners. Fourth, if it could double as a five-day notice, this would essentially write the affirmative defense out of the statute; there would be virtually no scenario in which to raise it. This is because, in every viable nonpayment case, a 14-day notice will have been served.For all these reasons, the 14-day notice and five-day notice are separate and distinct, and both should be properly served prior to the commencement of a nonpayment eviction proceeding (emphasis added).In this case, petitioner does not even allege that a combined notice was served. Nevertheless, this Court finds that service of a combined notice does not meet the requirements of RPL 235-e[d] and RPAPL 711[2]. Separately, RPL § 235-e[d] requires a landlord to send a 5-Day late rent notice by certified mail if rent has not been received within five days of the due date. This notice informs the tenant of the failure to pay rent and can be used as an affirmative defense by the tenant if not provided (RPL § 235-e). Additionally, the 5-Day late rent notice cannot be combined with the 14-Day demand because the timing and purpose of these notices differ. The 5-Day notice is intended to notify the tenant of the late payment, while the 14-Day demand is a formal step toward initiating eviction proceedings. The 14-Day notice cannot be served until the rent is considered late, which, under the Housing Stability and Tenant Protection Act (HSTPA), occurs after the 5-Day grace period has elapsed. Therefore, the 14-Day notice should not be served until at least six days after the rent due date.
Moreover, even if the Court were to find that the requirements of RPL 235-e[d] and RPAPL 711[2] may be met by service of one combined notice, the court must dismiss the action. The nonpayment proceeding was commenced prematurely. The date the rent demand is served is not included within the fourteen (14) days calculation. Accordingly, the earliest day that the nonpayment proceeding may be commenced is the fifteenth (15th) day following service of the rent demand. General Construction Law § 20 requires that where a "number of days [is] specified as a period from a certain day within which or after . . . which an act is . . . required to be done," one must calculate the "number of calendar days exclusive of the calendar day from which the reckoning is made" (Gottesman Family Props., LLC, 53 NYS 3d 799 [App. Term, 2d, 11th & 13th Jud Dists 2017] citing Bacalokonstantis v Nichols, 141 AD2d 482, 484, 529 N.Y.S.2d 111 [1988]). Here, the landlord's predicate notice was served on March 21, 2025 and the proceeding was commenced on April 3, 2025, 13 days after service. Inasmuch as this failed to provide tenant with 14 days to pay the rent demanded or surrender possession, the proceeding was commenced prematurely (Schleimer v Clarksville Inn Rest. LLC, 66 Misc 3d 145[a} [2d Dept 2020]). Accordingly, tenant's motion to dismiss the petition is granted (see RPAPL 711 [2]) (See Gottesman Family Props., LLC, 53 NYS 3d 799 [App. Term, 2d, 11th & 13th Jud Dists 2017] (case prior to enactment of the HSTPA -nonpayment proceeding dismissed, and money judgement vacated where proceeding commenced (1) day early). 
The respondent's remaining arguments seeking dismissal of the action need not be [*5]addressed.
This constitutes the Decision and Order of this Court.
The court considered the following papers on this motion: Notice of Motion to Dismiss, dated July 1, 2025; Attorney Affirmation in Support; Maitre Affidavit in Support; Exhs. A-I. Petitioner's Answering Affirmation, dated August 22, 2025; Respondent's Notice of Unopposed Motion to Dismiss, dated August 4, 2025. 
Dated: January 28, 2026Mount Vernon, New York 
HON. TAMIKA A. COVERDALECity Judge of Mount Vernon